IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

vs.                     Case No.: 1:13-CV-00837 SWS/SCY

EASTER SEALS SANTA MARIA EL MIRADOR,
INC. and EASTER SEALS, INC.,

    Defendants.

### DEFENDANT EASTER SEALS EL MIRADOR'S
### EXPEDITED FIRST MOTION TO COMPEL

Defendant Easter Seals El Mirador ("ESEM") (improperly identified in Plaintiff's Second Amended Complaint as "Easter Seals Santa Maria El Mirador"), by and through its attorneys of record, and pursuant to Fed. R. Civ. P. 37, hereby moves this Court for an Order compelling Plaintiff Patricia Martinez ("Plaintiff") to provide full answers and responses to ESEM's First Set of Interrogatories and First Set of Requests for Production as required by Fed. R. Civ. P. 33 and 34.

1. **Plaintiff's Answers and Responses were untimely and incomplete, and Plaintiff has failed to respond to ESEM's request for supplementation**.

On July 16, 2014, ESEM's counsel served ESEM's First Set of Interrogatories (hereinafter "ESEM's First Interrogatories") and ESEM's First Set of Requests for Production (hereinafter "ESEM's First RFPs") on Plaintiff by (a) electronically mailing a copy of ESEM's First Interrogatories and First RFPs to Plaintiff's counsel, (b) mailing a copy of ESEM's First Interrogatories and First RFPs to the office of Plaintiff's counsel via first-class U.S. Mail, and (c) filing a Certificate of Service [Doc. 40] that was also included in those e-mailed and postal-mailed deliveries.

Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Plaintiff's Answers and Responses to ESEM's First Interrogatories and First RFPs were due by August 15, 2014 (30 days later), or at the latest by **August 18**, 2014 if utilizing three additional days pursuant to Rule 6(d).

On August 12, 2014, in an e-mail message from Plaintiff's counsel to ESEM's counsel, Plaintiff's counsel stated: "I will have your discovery by the 15th[.]" Plaintiff's counsel ultimately served Plaintiff's Answers to ESEM's First Interrogatories on August 18. However, by **August 21**, ESEM's counsel still had not received any of Plaintiff's Responses to ESEM's First RFPs, and Plaintiff's counsel also had not filed any Certificate of Service regarding any of Plaintiff's Responses to ESEM's First RFPs. Thus, on August 21, ESEM's counsel e-mailed and faxed to Plaintiff's counsel the letter shown in Exhibit 1 attached hereto, requesting that Plaintiff's Responses to ESEM's First RFPs be served on ESEM's counsel by Monday, August 25 via e-mail, fax, or hand delivery.

On Monday, August 25, Plaintiff's counsel did e-mail to ESEM's counsel a 108-page PDF file containing 108 pages of Bates-numbered documents. However, ESEM's counsel did not receive any of Plaintiff's written responses or objections (if any) to ESEM's First RFPs. Accordingly, later that same day (August 25), ESEM's counsel e-mailed and faxed a second letter to Plaintiff's counsel to request service of Plaintiff's written Responses to ESEM's First RFPs by August 27 via e-mail, fax, or hand delivery. *See* Exhibit 2. This letter of August 25 also stated that if Plaintiff did not so provide these written responses by August 27, ESEM would file a Motion to Compel and appropriately note that Plaintiff's opposition to such motion was presumed.

On August 28, Plaintiff's counsel faxed to ESEM's counsel Plaintiff's Responses to ESEM's First RFPs.[1]  After analysis of those Responses together with Plaintiff's Interrogatory Answers, ESEM's counsel sent to Plaintiff's counsel the letter attached hereto as Exhibit 3.  That letter, which was transmitted to Plaintiff's counsel on Friday, August 29, requested that Plaintiff supplement her Answers and Responses by Friday, September 5 to correct the deficiencies specifically identified in that letter.

As of the filing of this Motion on Tuesday, September 9, ESEM's counsel has received from Plaintiff's counsel documents including (a) two medical-records releases requested by the August 29 letter and (b) an Interrogatory Answer verification page executed by Plaintiff (albeit with a deficiency as discussed in Part 3 below).  However, ESEM's counsel still has not received any supplementation of Plaintiff's Answers and Responses to ESEM's First Interrogatories and First RFPs.  To date ESEM's counsel also has not received any substantive response to the August 29, 2014 letter to Plaintiff's counsel (Exhibit 3).

The above-referenced communications demonstrate that pursuant to Rule 37(a)(1) and D.N.M.LR-Civ. 7.1(a), counsel for ESEM has in good faith conferred or attempted to confer with Plaintiff's counsel in an effort to obtain the requested discovery responses without action by this Court.  In light of Plaintiff's failure to address the substance of ESEM's August 29, 2014 request for supplementation, it is presumed that Plaintiff opposes this motion.

ESEM respectfully requests expedited consideration of this motion because ESEM is entitled to receive full and complete Answers and Responses to ESEM's First Interrogatories.

---

[1] The August 28, 2014 correspondence from Plaintiff's counsel indicates that Plaintiff's counsel attempted to e-mail Plaintiff's Responses to ESEM's First RFPs on Monday, August 25, but that such attempted e-mail transmission was not successful.  ESEM's counsel did not have any actual or constructive knowledge of any such attempted August 25th transmission because Plaintiff's counsel did not file any Certificate of Service of such Responses, and has still not filed any such Certificate of Service.

Furthermore, pursuant to Rule 37(a)(5)(A), ESEM also respectfully requests that this Court award ESEM its attorneys' fees incurred in connection with making this Motion and the prior communications by ESEM's counsel (*see* Exhibits 1, 2, and 3) to seek Plaintiff's service and supplementation of her Answers and Responses.

2. **Plaintiff made no timely objections to any of ESEM's Interrogatories or Requests for Production, therefore Plaintiff has waived any such objections.**

Rule 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Plaintiff's Answers to ESEM's First Interrogatories did not contain any objections by Plaintiff. *See generally* Exhibit 4.[2] Thus, Plaintiff has waived any objections to ESEM's First Interrogatories.

Regarding requests for production pursuant to Rule 34, the United States District Court for the District of New Mexico has recognized that "[Rule] 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections." *Lucero v. Martinez*, CIV 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006), *quoting Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir.1991). In the instant case, (a) Plaintiff did not serve any written responses to ESEM's First RFPs within thirty days, and (b) the written responses that Plaintiff did serve during the week of August 25 did not contain any objections by Plaintiff. Thus, Plaintiff has waived any objections to ESEM's First RFPs.

---

[2] Exhibit 4 is a copy of Plaintiff's Answers to ESEM's First Interrogatories. Within this Exhibit 4, ESEM has redacted Plaintiff's Answer to Interrogatory No. 11, as that Answer contains certain of Plaintiff's medical information that is not relevant to this Motion.

**3. Plaintiff should be required to answer all of ESEM's Interrogatories under oath as required by Rule 33.**

Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing *under oath*" (emphasis added).  Although Plaintiff provided a verification signature page following ESEM's August 29, 2014 request for supplementation, that signature page fails to comply with Rule 33(b)(3) because it states in part that facts "are true and correct to the best of my knowledge and belief" and that "those factual matters that are stated upon information and belief are believed by me to be true."  *See* Exhibit 5, Verification Page.

As the New Mexico Supreme Court explained in *Lackey v. Mesa Petroleum Co.*, 1976-NMCA-085, ¶ 4, 90 N.M. 65, 559 P.2d 1192, "[a]nswers to interrogatories, based solely on information and belief, are not sufficient[.]"  Instead, "[t]hese answers must be made under oath."  *See also Deseret Mgmt. Corp. v. United States*, 75 Fed. Cl. 571, 575 (Fed. Cl. 2007) (citing *Lackey* and finding that under Rule 33 of the Federal Court of Claims, the proper form of oath is: "Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct.").  This Court should therefore require Plaintiff to (a) answer all of her Interrogatories under a proper form of oath and (b) strike from her Interrogatory Answers any statements by Plaintiff which are not encompassed by that oath.

**4. Plaintiff should be required to answer ESEM's Interrogatory Nos. 2, 3, 5, 6, 7, 8, and 9 separately and fully as required by Rule 33.**

Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent that it is not objected to, be *answered separately and fully* in writing under oath" (emphasis added).  Plaintiff has failed to comply with this requirement for each of her Answers to Interrogatory Nos. 2, 3, 5, 6,7, 8, and 9.

a. <u>Background regarding ESEM's Interrogatory Nos. 2, 3, and 4.</u>

Paragraph 23 of Plaintiff's Second Amended Complaint filed on May 15, 2014 [Doc. 31] (hereinafter the "Complaint") contains the general allegation that "Plaintiff believes it possible that Defendant ESEM also retaliated against her for filing a Worker's Compensation claim in addition to taking FMLA leave and refusing to falsify grant reporting." In order to discover the factual allegations underlying the portion of Paragraph 23 relating to Plaintiff's alleged "refus[al] to falsify grant reporting," ESEM served its Interrogatory No. 4, which contained four subparts and read as follows:

> INTERROGATORY NO. 4:
>
> With regard to your allegations in Paragraph 23 of your Second Amended Complaint that ESEM *retaliated against you for refusing to falsify grant reporting*, please state:
>
> A. Each fact which you rely upon to support such allegation(s);
>
> B. The identity of each person known or believed by you to possess any information relating to such allegation, including yourself;
>
> C. The identity, description and date of each communication between you and any other person regarding such allegation; and
>
> D. The identities and description of each document which relates to or refers to such allegation.

*See* Exhibit 4 at 3 (emphasis added). Plaintiff's Answer to Interrogatory No. 4 is more than seven pages long. *See id.* at 3-11.

b. <u>Plaintiff's Answer to ESEM's Interrogatory No. 3 is deficient because it refers only to the Complaint and to Plaintiff's Answer to Interrogatory No. 4.</u>

In order to discover the factual allegations underlying the portion of Complaint Paragraph 23 relating to "alleged retaliation against [Plaintiff] for filing a Worker's Compensation claim[,]" ESEM served its Interrogatory No. <u>3</u>, which contained four similar subparts A through D but referred specifically to "[Plaintiff's] allegations in Paragraph 23 of your Second Amended

6

Complaint that ESEM *retaliated against you for filing a Worker's Compensation Claim[.]*" *See* Exhibit 4 at 2 (emphasis added).

Plaintiff's Answer to Interrogatory No. 3 stated only the following: "See Plaintiff's Amended Complaint and Plaintiff's Answer to Interrogatory No. 4." *See* Exhibit 4 at 2. This Answer is insufficient for the reasons presented below.

First, it is insufficient for Plaintiff to incorporate into an interrogatory answer the text of one of her pleadings, whether by incorporation or by recitation. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 665 (D.N.M. 2009) (finding that it was insufficient for a defendant party to provide an interrogatory answer that was "merely a verbatim reiteration of the language used in [the party's] answer to the complaint"), *citing Stabilus, A Div. of Fichtel & Sachs Indus., Inc. v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 263-64 (E.D. Pa. 1992) ("An [interrogatory] answer should be complete in itself and should not refer to the pleadings. Plaintiff cannot avoid answering interrogatories by referring the defendant to the complaint, no matter how detailed. Thus it is improper to answer an interrogatory by merely repeating the allegations of the complaint." (internal citations omitted)). Plaintiff Patricia Martinez's directive to "[s]ee Plaintiff's Amended Complaint" (*see* Exhibit 4 at 2) is essentially identical to the "See plaintiff's Complaint" statement that the *Stabilus* court specifically found insufficient. *See Stabilus*, 144 F.R.D. at 263.

Second, Plaintiff's cross-reference to her Answer to Interrogatory No. 4 is also deficient in two respects. To the extent that Plaintiff seeks to incorporate information from one interrogatory answer into another for the purpose of avoiding repetition, "references should be specific rather than general." *See Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968), *cited in Anchondo*, 256 F.R.D. at 666. Plaintiff's Answer to Interrogatory No. 3 is thus deficient in its non-

specific reference to her Answer to Interrogatory No. 4, especially because Plaintiff's Answer to Interrogatory No. 4 is more than seven pages long.  Furthermore, although Plaintiff's Answer to Interrogatory No. 4 appears to address Interrogatory No. 4's request for information regarding Plaintiff's allegations of alleged "refus[al] to falsify grant reporting," there does not appear to be any portion of Plaintiff's Answer to Interrogatory No. 4 that is responsive to Interrogatory No. 3's request for information regarding alleged "retaliat[ion] against [Plaintiff] for filing a Worker's Compensation Claim[.]"  *See generally* Exhibit 4 at 3-11.

For the foregoing reasons, this Court should enter its Order compelling Plaintiff to supplement her Answer to ESEM's Interrogatory No. 3 to separately and fully answer that Interrogatory No. 3, without reference to any pleadings or any other Interrogatory answers.

    c.  <u>Plaintiff's Answer to ESEM's Interrogatory No. 2 is deficient because it refers only to the Complaint and to Plaintiff's Answer to Interrogatory No. 4.</u>

In order to discover the factual allegations underlying the portion of Complaint Paragraph 9 alleging that Plaintiff and a co-worker were treated "worse than they had been treated before" an alleged refusal to falsify reporting, ESEM served its Interrogatory No. 2, which contained four similar subparts A through D but referred specifically to "[Plaintiff's] allegations in Paragraph 9 of your Second Amended Complaint that [ESEM] and its agents and employees *treated you worse than you had been treated before[.]*"  *See* Exhibit 4 at 1-2 (emphasis added).

Like Plaintiff's Answer to Interrogatory No. 3, Plaintiff's Answer to Interrogatory No. 2 stated only the following:  "See Plaintiff's Amended Complaint and Plaintiff's Answer to Interrogatory No. 4."  *See* Exhibit 4 at 2.  This Answer is insufficient for the reasons presented in Part 4(b) above.  Accordingly, this Court should enter its Order compelling Plaintiff to supplement her Answer to ESEM's Interrogatory No. 2 to separately and fully answer that Interrogatory, without reference to any pleadings or any other Interrogatory answers.

d. Plaintiff's Answer to ESEM's Interrogatory No. 5 is also deficient because it refers only to Plaintiff's Answers to Interrogatory Nos. 2, 3, and 4.

Interrogatory No. 5 requested that Plaintiff provide (a) the date and substance of any reports by Plaintiff regarding events alleged in her Answers to Interrogatories 2, 3, and 4, (b) any response Plaintiff received to such reports, and (c) a description of all documents generated as a result of such communications. *See* Exhibit 4 at 11. However, Plaintiff's Answer to Interrogatory No. 5 only referenced her Answers to Interrogatory Nos. 2, 3, and 4. *See* Exhibit 4 at 11 (stating "Please see Answers to Interrogatories No. 2-4"). That Answer is deficient for the reasons presented in Part 4(b) above. Accordingly, this Court should enter its Order compelling Plaintiff to supplement her Answer to ESEM's Interrogatory No. 5 to separately and fully answer that Interrogatory, without reference to any pleadings or any other Interrogatory answers.

e. Plaintiff's Answers to ESEM's Interrogatory Nos. 6, 7, 8, and 9 are also deficient because they too refer only to the Complaint and to Plaintiff's Answer to Interrogatory No. 4.

Interrogatory Nos. 6, 7, 8, 9 sought information regarding discrete issues:

- Interrogatory No. 6 requested that Plaintiff describe all specific instances in which she claims any anyone retaliated against her as a consequence of any reports by Plaintiff described in her Answer to Interrogatory No. 5. *See* Exhibit 4 at 12.

- Interrogatory No. 7 requested that Plaintiff "[i]dentify each and every fact upon which you base your claim that your termination was motivated by unlawful discrimination or retaliation." *See* Exhibit 4 at 12.

- Count III of Plaintiff's Complaint alleges wrongful discharge in violation of public policy for Plaintiff's alleged refusal to falsify documents. Complaint Paragraph 48, which is part of that Count III, alleges that "Defendant ESEM's acts of discharge herein were maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights." Interrogatory No. 8 requested that Plaintiff "identify each fact which supports the allegations contained in" that Complaint Paragraph 48. *See* Exhibit 4 at 12; *see also* Complaint at ¶ 48.

9

- Count IV of Plaintiff's Complaint alleges wrongful discharge in violation of public policy for Plaintiff's filing of a claim for workers' compensation benefits. Complaint Paragraph 55, which is part of that Count IV, alleges that "Defendant ESEM's acts of discharge herein were maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights." Interrogatory No. 9 requested that Plaintiff "identify each fact which supports the allegations contained in" that Complaint Paragraph 55. *See* Exhibit 4 at 12; *see also* Complaint at ¶ 55.

However, in each of her Answers to ESEM's Interrogatory Nos. 6, 7, 8, and 9, Plaintiff simply stated: "Please see Answer to Interrogatory No. 4 and Plaintiff's Second Amended Complaint." *See* Exhibit 4 at 12.

Plaintiff's Answers to ESEM's Interrogatory Nos. 6, 7, 8, and 9 are deficient for the reasons presented in Part 4(b) above. Accordingly, this Court should enter its Order compelling Plaintiff to supplement her Answers to ESEM's Interrogatory Nos. 6, 7, 8, and 9 to separately and fully answer each of those Interrogatories, without reference to any pleadings or any other Interrogatory answers.

    f.  <u>Plaintiff's Answer to ESEM's Interrogatory No. 12 is deficient in multiple respects.</u>

ESEM's Interrogatory No. 12 reads as follows:

INTERROGATORY NO. 12: Identify all efforts you have taken to mitigate the damages you are claiming in this action including:

a.) The name, address, telephone number and contact person for all individuals and entities with whom you have been in contact in an attempt to mitigate your damages; when you made contacts and a description of what you were seeking;

b.) The results of your contacting everyone identified in 12(a) in your attempts to mitigate your damages, including any offers of employment or any compensation received by you; the dates you received any offers; and if you rejected any of them, the reasons why you rejected them.

c.) The identity of all notes, documents and other writings which resulted from your attempts to mitigate your damages.

10

*See* Exhibit 4 at 15-16.  Plaintiff's Answer to Interrogatory No. 12 is deficient in at least four respects.

First, Interrogatory No. 12 requested information including "*when* [Plaintiff] made contacts and a description of *what* [Plaintiff was] seeking" by such contacts.  *See* Exhibit 4 at 15 (emphasis added).  However, Plaintiff's Answer to Interrogatory No. 12 does not state when Plaintiff contacted each organization listed, what Plaintiff was seeking by each contact, or whether Plaintiff received any offers of any kind from those organizations.

Second, Interrogatory No. 12 requested information regarding the *results* of Plaintiff's contacts, "including any offers of employment or any compensation received by [Plaintiff.]"  *See* Exhibit 4 at 15 (emphasis added).  However, Plaintiff's Answer to Interrogatory No. 12 does not indicate whether Plaintiff received any compensation, from any source, subsequent to April 2011.

Third, although Plaintiff's Answer to Interrogatory No. 12 references Plaintiff maintaining or applying for licensure as a Treatment Foster Care Parent, Plaintiff's Answer does not indicate (a) whether and when Plaintiff requested the placement of any foster children, (b) when any such placements occurred (commencing and ending), (c) what compensation Plaintiff received for each such placement, and (d) whether and when Plaintiff received any other compensation in connection with her licensure as a Treatment Foster Care Parent.

Fourth, Plaintiff's answer to Interrogatory No. 12 is also unclear because (a) Plaintiff's Answer to Interrogatory No. 12 states that she "File[d] for Medicare Part B to Social Security 6/7/11" (*see* Exhibit 4 at 16), but (b) documents produced by Plaintiff in response to ESEM's First RFPs indicate that Plaintiff applied for Medicare Part B during May 2010 (*see* <u>Exhibit 6</u>).

Accordingly, this Court should require Plaintiff to supplement her Answer to Interrogatory No. 12 to address all of the deficiencies listed above.

5. **Plaintiff's Response to ESEM's Request for Production No. 7 fails to provide documentation regarding a Social Security Disability proceeding that Plaintiff disclosed under oath in her Chapter 7 bankruptcy case.**

ESEM's Request for Production No. 7 requested copies of all documents that Plaintiff submitted to make "any application for retirement benefits (including but not limited to Social Security) *or disability benefits* subsequent to April 2011, including the application itself, and any documents you used in response to your application and any decision regarding your application." *See* Exhibit 7 (emphasis added).  The 108 pages of Bates-numbered documents produced by Plaintiff on August 25, 2014 appear to include documents relating to Plaintiff's application for Social Security *retirement* benefits, but ESEM's counsel has not identified any documents produced by Plaintiff that appear to relate to Plaintiff's application for Social Security *disability* benefits.  Furthermore, Plaintiff's Response to Request for Production No. 7 includes the following statement: "I never applied for disability benefits."  *See* Exhibit 7.

On June 25, 2013, Plaintiff filed a Voluntary Petition for Chapter 7 bankruptcy in case number 13-12140-j7 in the United States Bankruptcy Court for the District of New Mexico. Plaintiff was represented in that bankruptcy proceeding by Mr. Thompson, who is also her counsel of record in the instant case.  *See generally* Exhibit 8; *see also* Exhibit 4 at 15.  In her Schedule of Financial Affairs filed under oath in connection with that Voluntary Petition, Plaintiff specifically disclosed the existence of a case titled "In re: Patricia Ann Martinez" that was a "SS disability admin hearing" before "SS Administrative New Mexico" and was "Pending" at that time.  *See* Exhibit 8 at 5-6.

The above-described statement in Plaintiff's Schedule of Financial Affairs (that is, the statement that Plaintiff was party to an administrative hearing regarding Social Security disability benefits in the matter titled "In re: Patricia Ann Martinez") appears to flatly contradict Plaintiff's

statement (in her Response to Request for Production No. 10) that she "never applied for disability benefits." This Court should enter its Order compelling Plaintiff to correct or supplement her Response to Request for Production No. 10 to produce all documents relating to Plaintiff's application for Social Security disability benefits, or to otherwise address this apparent contradiction in statements made by Plaintiff and her counsel in separate judicial proceedings.

WHEREFORE, Defendant ESEM respectfully request that this Court (a) consider this Motion on an expedited basis, (b) order Plaintiff to supplement her Answers and Responses to ESEM's First Interrogatories and First RFPs to correct the deficiencies set forth in this Motion, (c) award ESEM its attorneys' fees incurred in connection with making this motion, and (d) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

MILLER STRATVERT P.A.

By: */s/ Stephen B. Waller*
Paula G. Maynes
Stephen B. Waller
Attorneys for Defendant Easter Seals El Mirador
P.O. Box 1986
Santa Fe, NM 87504-1986
Telephone: (505) 989-9614

I hereby certify that on the 9th day of September, 2014,
I filed the foregoing pleading through the CM/ECF
system, which caused the following parties or counsel
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing:

Dwight E. Thompson
Attorney for Plaintiff
224 Cruz Alta, Suite G
Taos, NM 87571
Telephone:  (575) 751-3043


By  */s/ Stephen B. Waller*
    Stephen B. Waller

\\abq-tamarack\prodata\009326-046316\pleadings\2549961.doc