IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

vs.                                                            CIVIL NO. 1:13-cv-00837-SWS/KK

EASTER SEALS SANTA MARIA EL MIRADOR,
INC. and EASTER SEALS, INC.,

        Defendant.

**PLAINTIFF'S RESPONSE
TO DEFENDANT EASTER SEALS EL MIRADOR, INC.'S
EXPEDITED MOTION TO COMPEL**

      Plaintiff Patricia Martinez ("Plaintiff"), by and through her attorney of record, hereby responds to Defendant Easter Seals El Mirador's Expedited First Motion to Compel (Doc. 45) ("Motion") and pursuant to Fed. R. Civ. P. 37, hereby agrees to provide full answers and responses to Defendant Easter Seals El Mirador's ("ESEM") First Set of Interrogatories and First Set of Requests for Production as requested by Defendant ESEM and required by Fed. R. Civ. P. 33 and 34.

      **1.**      **Plaintiff's counsel's failure to adequately respond to Defendant ESEM's multiple requests for supplementation was based on his miscommunications and misunderstandings with Defendant ESEM's counsel. Any fault for such miscommunication and misunderstanding is the responsibility of Plaintiff's**

**counsel. Plaintiff's counsel's failure to adequately respond to Defendant ESEM's requests for supplementation is excusable neglect.**

Plaintiff's counsel timely served Plaintiff's Answers to Defendant ESEM's First Set of Interrogatories on August 18, 2014. *See* Exhibit 1. Also on that same day, Plaintiff's counsel unsuccessfully attempted to serve Plaintiff's Responses to Defendant ESEM's First Set of Requests for Production and 62 pages of documents attached to Plaintiff's Responses to Defendant ESEM's First Set of Requests for Production. *See* Exhibit 2. Out of sheer error, Plaintiff completely overlooked serving Defendant ESEM with Plaintiff's Answers to Defendant ESEM's First Set of Requests for Admission.

Plaintiff did not become aware that service of discovery answers and responses was an issue, either with respect to Plaintiff's Answers to Defendant ESEM's First Set of Requests for Admission ("Answers to RFA") or of Plaintiff's Responses to Defendant ESEM's First Set of Requests for Production ("Responses to RFP") until August 21, 2014. On August 21, 2014, a Thursday, Plaintiff's counsel first became aware of the issue concerning Plaintiff's Answers to RFA through electronic service of Defendant ESEM's Notice *That Plaintiff is Deemed to Have Admitted Defendant [ESEM's] First Set of Requests for Production* (Doc. 43) (filed on August 21, 2014). That same day, Plaintiff's counsel received a letter from Defendant ESEM's counsel requesting service of Plaintiff's Responses to RFP. *See* Exhibit 3.

Believing that there had been a mistake, a miscommunication perhaps, and that Defendant's counsel must have meant that Plaintiff had failed to serve her Answers to

RFA, Plaintiff's counsel served her Answers to RFA to Defendant ESEM's counsel in the early morning hours of August 25, 2014, a Monday. *See* Exhibit 4. Also included in that email was an additional 46 pages of documents to supplement that set of papers attached to Plaintiff's Answers to RFP. *See* Exhibit 4.

Later that afternoon at 3:03 pm on August 25, 2014, Plaintiff's counsel received a letter from Defendant ESEM's counsel, who continued to request production of Plaintiff's Responses to RFP. *See* Exhibit 5. Plaintiff's counsel responded, almost within an hour, by forwarding the email sent by Plaintiff's counsel on August 18, 2014, which included Plaintiff's Responses to RFP (labeled as "Answers to RFP (Martinez, Patricia) 8.18.14.pdf" in the email) as well as the original 62-pages of Plaintiff's documents attached to Plaintiff's Responses to RFP (labeled as "Patricia Martinez' documents (RFP) 8.18.14.pdf") in the email. *See* Exhibit 6. This same email contained a detailed explanation of what Plaintiff's counsel mistakenly believed to be the issue. *See* Exhibit 6.

To complicate matters further, Plaintiff's email sent to Defendant ESEM's counsel at 4:13 pm on August 25, 2014 (Exhibit 6), was returned to Plaintiff's counsel as undeliverable at 4:31 pm due to the file size of the attachments. *See* Exhibit 7. Plaintiff's counsel then mistakenly deleted what he believed to be the offensive attachment and tried emailing the requested discovery again. *See* Exhibit 8. This email was also rejected due to excessive file size at 5:15 pm on August 25, 2014. *See* Exhibit 8. Plaintiff's counsel,

through excusable neglect, failed to notice this last message indicating the failure of the email to send.

Plaintiff's counsel did not remedy the situation until August 28, 2014, after having received another follow-up letter from Defendant ESEM's counsel on August 28, 2014, still demanding service of Plaintiff's Responses to RFP.  *See* Exhibits 9 and 10.  Although Plaintiff's counsel responded to Defendant's counsel's email within minutes of his receipt of the email, *see* Exhibits 9 and 10, both through email and through fax, Plaintiff's counsel received yet another letter from Defendant's counsel on the very next day, August 29, 2014, demanding that Plaintiff cure certain alleged deficiencies in her discovery responses and answers by September 5, 2014.  *See* Exhibit 11.

On that same day, August 29, 2014, Defendant ESEM served Plaintiff with its Second Set of Interrogatories.  On September 4, 2014, at 3:10 pm, Defendant ESEM's counsel sent Plaintiff a letter via fax demanding a copy of the settlement letter as required by the Court's July 9, 2014 Order (Doc. 39) by 9:00 am the next day, a slight extension of the deadline imposed by the Order.  *See* Exhibit 12.  Plaintiff's counsel was unable to comply until slightly after 5:00 pm on September 5, 2014, providing Defendant's counsel with various additional medical releases, a verification, and a settlement letter, via both email and fax.  *See* Exhibit 13.

Plaintiff's counsel does not contend that Defendant ESEM has not engaged in good-faith efforts to resolve the dispute surrounding discovery.  Defendant ESEM has acted within the rules and proscriptions provided for by the Federal Rules of Civil

Procedure and Plaintiff's counsel, through mistake, inadvertence, and excusable neglect, has been deficient in terms of complying with mandated discovery deadlines. Although Plaintiff's counsel has been deficient in terms of timely compliance with discovery deadlines, Plaintiff's counsel has been diligent in his attempts to comply. The interests of justice would be thwarted were Plaintiff to suffer from any excusable neglect or error on the part of Plaintiff's counsel.

2. **Plaintiff waives all objections and will comply with all of Defendant ESEM's discovery requests by September 30, 2014.**

3. **Plaintiff will amend her verification of her Answers to Defendant ESEM's First Set of Interrogatories to include a proper form of oath under Rule 33, as requested by Defendant ESEM.**

4. **Plaintiff will answer Defendant ESEM's Interrogatory Nos. 2, 3, 5, 6, 7, 8, and 9 separately and fully as required by Rule 33.**

5. **Plaintiff cannot produce requested documentation concerning a Social Security Disability proceeding, as there never was a Social Security Disability proceeding.**

Defendant ESEM has taken issue with Plaintiff's Response to RFP, in that Plaintiff's production of documents only includes those documents demonstrating Plaintiff's application for Social Security benefits and does not include any reference to Social Security Disability applications that may have been made by Plaintiff. Defendant's concern regarding this alleged deficiency is based on Plaintiff's Statement of

Financial Affairs included with her Voluntary Petition for Chapter 7 bankruptcy in case number 13-12140-j7 in the United States Bankruptcy Court for the District of New Mexico.

Plaintiff's current counsel was also Plaintiff's counsel for her bankruptcy petition, and admits to noting that a "SS disability admin hearing" was "pending" at the time Plaintiff's Statement of Financial Affairs was filed.  *See* <u>Exhibit 8 attached to Defendant's</u>  No specific case number was cited by Plaintiff.  This entry in Plaintiff's Statement of Financial Affairs was made by Plaintiff's counsel with the understanding that Plaintiff may have wanted to apply for Social Security Disability at some point during the bankruptcy process as a result of the same injury that eventually precipitated her termination by Defendant ESEM.  Plaintiff's counsel, in an attempt to err on the side of caution, included the reference that the unnumbered, unfiled case was "pending" in an effort to preserve Plaintiff's options should she later have decided to submitted an application between the time Plaintiff's counsel prepared the draft of the Statement of Financial Affairs and the date when Plaintiff's bankruptcy petition was filed.

With respect to Plaintiff's Statement of Financial Affairs, the inclusion of any proceeding that was only being considered in the abstract by Plaintiff's counsel would have only served to alert Plaintiff's creditors to a potential source of income should Plaintiff have ever made a decision to have applied for Social Security Disability and received a distribution in her favor.  As such, the inclusion of a potentially pending case was actually against Plaintiff's interests as a debtor.

Plaintiff has never applied for Social Security Disability, nor does she intend to apply for Social Security Disability.  Plaintiff cannot provide documents to Defendant ESEM that do not exist.

**6.     Sanctions are not warranted in this matter.**

While Plaintiff's counsel has demonstrated noncompliance with discovery deadlines, Plaintiff has also demonstrated a history of good-faith efforts showing a desire to comply with Defendant ESEM's requests, as well as the discovery deadlines.  The criteria for the Court to consider possibly imposing sanctions against Plaintiff or Plaintiff's counsel include: "(1) the degree actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) citing *Ehrenhaus v. Reynolds*, 965 F.2d. 916, 921 (10th Cir. 1992).

Defendant ESEM will not be significantly prejudiced by Plaintiff's late discovery disclosures, as Plaintiff has agreed to meet every discovery request of Defendant ESEM by September 30, 2014, at least two weeks prior to Defendant ESEM's scheduled deposition of Plaintiff on October 14, 2014.  Given the unusual circumstances described in the paragraphs above and Plaintiff's willingness to comply with Defendant ESEM's discovery requests, the amount of interference with the judicial process is minimal.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii)**.**   Plaintiff's counsel bears sole responsibility for any

deficiencies in discovery, however, under these particular circumstances, justice would not be served by punishing Plaintiff for any error or excusable neglect attributable to Plaintiff's counsel.

Defendant ESEM's has not filed any motions to compel prior to the current one now at issue, nor has the Court ever found it necessary to warn Plaintiff of possible sanctions for failure to comply with discovery.  If the Court determines that sanctions in this matter are necessary and that Plaintiff's counsel has not demonstrated excusable neglect, Plaintiff's counsel respectfully prays that the Court not prejudice Plaintiff's ability to seek redress through litigation based on any fault or error attributable to Plaintiff's counsel.

WHEREFORE, Plaintiff Patricia Martinez respectfully requests that this Court enter an order partially granting Defendant ESEM's Motion, finding that Plaintiff's counsel's failure to comply with discovery deadlines was excusable neglect, and allowing Plaintiff leave of Court to amend and supplement her answers and responses accordingly, subject to the provisions described by Plaintiff above.

Respectfully submitted,

**/s/ Dwight Thompson**
_____
Dwight Thompson
208 Paseo del Pueblo Sur – Suite 202
Taos, NM  87571
(575) 751-3043 (Telephone)
(575) 758-1387 (Facsimile)
dwight@DwightThompsonLawOffice.net
*Counsel for Plaintiff Patricia Martinez*

I hereby certify that on the 26th day of September, 2014, I filed the foregoing pleading through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Stephen B. Waller
Paula G. Maynes
P.O. Box 25687
Albuquerque, NM  87125-0687
(505) 842-1950
swaller@mstlaw.com
 pmaynes@mstlaw.com
*Attorneys for Defendant Easter Seals El Mirador*

                                                By:  **/s/ Dwight Thompson**
                                                    Dwight Thompson