**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PATRICIA MARTINEZ,

      Plaintiff,

v.                                             No: 1:13-cv-0837 SWS/KK

EASTER SEALS SANTA MARIA EL MIRADOR,
INC. et *al*.,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT EASTER SEALS EL MIRADOR'S FIRST MOTION TO COMPEL**

THIS MATTER comes before the Court on the First Motion to Compel (Doc. 45) of Defendant Easter Seals El Mirador ("Defendant"), which was filed on September 9, 2014.  The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, FINDS that the Motion is well taken in part, and hereby GRANTS the motion in part, and DENIES it in part, as follows.

**1.**      **Timeliness of Plaintiff's Discovery Responses**

Defendant first argues that Plaintiff's responses to Defendant's first sets of written discovery requests were untimely.  Both Defendant in its motion, and Plaintiff in her response, devote some time to describing when and how Plaintiff provided her discovery responses to Defendant, from which the Court has gleaned the following.  Plaintiff's responses to Defendant's First Set of Interrogatories ("Defendant's Interrogatories"), First Set of Requests for Production ("Defendant's RFPs"), and First Set of Requests for Admission ("Defendant's RFAs") were due to Defendant by August 18, 2014.  Plaintiff successfully served her Answers to Defendant's Interrogatories via electronic mail on August 18, 2014.  Plaintiff attempted to serve her

Responses to Defendant's RFPs via electronic mail on the same date.  However, Defendant did not receive them.  Plaintiff's counsel forgot to send Plaintiff's Responses to Defendant's RFAs at that time.

Defendant notified Plaintiff that it had not received Plaintiff's Responses to Defendant's RFPs by letter dated August 21, 2014.  Plaintiff's counsel, believing that he had successfully served Plaintiff's Responses to Defendant's RFPs, mistakenly assumed that the letter referred to Plaintiff's Responses to Defendant's RFAs.  Plaintiff therefore served her Responses to Defendant's RFAs on August 25, 2014, the deadline specified in Defendant's letter.[1]  On the same date, Plaintiff attempted to send or re-send 108 pages of documents responsive to Defendant's RFPs.  Some documents were re-sent because they had not previously been Bates stamped, and others were sent for the first time.  Defendant received all of these documents on August 25, 2014.

In response to the discovery Plaintiff provided on August 25, 2014, Defendant's counsel sent a letter on the same date, indicating that he still had not received Plaintiff's written Responses to Defendant's RFPs, and requesting that these responses be provided by August 27, 2014.  Plaintiff's counsel attempted to re-send Plaintiff's Responses to Defendant's RFPs via electronic mail twice on August 25; both attempts failed.  On August 28, 2014, Defendant's counsel sent Plaintiff's counsel another letter, again indicating that he had not received Plaintiff's written Responses to Defendant's RFPs.  Plaintiff's counsel was finally successful in sending the written responses by facsimile that same day.  Defense counsel sent a letter raising substantive

---

[1] In its Motion, Defendant made no argument regarding Plaintiff's Responses to RFAs.  In its Reply, Defendant for the first time requested that "Plaintiff's deemed admissions to [Defendant's] First Set of Requests for Admission, which were deemed admitted for the reasons set forth in the Notice filed by [Defendant] on August 21, 2014," not be "modif[ied]."  (Doc. 56 at 2.)  Because this issue was raised for the first time in Defendant's Reply, the Court will not address it.  Likewise, the Court will not address Defendant's request, raised for the first time in its Reply, that the Court assign any further motions regarding Defendant's first sets of discovery requests to an expedited briefing schedule.  (Id. at 2.)

concerns regarding Plaintiff's discovery requests on August 29, 2014, and Plaintiff provided some supplementation, including a verification to her Answers to Defendant's Interrogatories, on September 5, 2014.

Defendant's First Motion to Compel was filed on September 9, 2014, well after Defendant received a complete set of Plaintiff's discovery responses.  Plaintiff's Answers to Defendant's Interrogatories were timely; her Responses to Defendant's RFAs were seven (7) days late; her documents responsive to Defendant's RFPs were seven (7) days late; and, her written Responses to Defendant's RFPs were ten (10) days late.  The late Responses to Defendant's RFAs were due to Plaintiff's counsel's forgetfulness, and the late Responses to Defendant's RFPS were due to the failure of Plaintiff's counsel's electronic mail message system to deliver large documents.  Plaintiff's counsel made reasonably prompt, good faith efforts to remedy his mistakes, and Defendant was able to obtain all of the discovery responses it sought within ten (10) days of the date they were due without the need to file a motion to compel.

## 2.      <u>Waiver of Objections</u>

Defendant next argues that Plaintiff has waived her objections to its discovery requests by failing to assert such objections within the time required by the Federal Rules of Civil Procedure.  It is unclear what relief, if any, Defendant could be seeking from the Court by making this argument.  Defendant does not identify any objections asserted in Plaintiff's discovery responses, and Plaintiff has not relied on any objections in her response to Defendant's First Motion to Compel.

## 3.      <u>Plaintiff's Verification of Answers to Defendant's Interrogatories</u>

Defendant claims that Plaintiff's verification of her Answers to Defendant's Interrogatories is improper.  Federal Rule of Civil Procedure 33 requires that answers to interrogatories be "answered separately and fully in writing under oath."  Fed. R. Civ. P.

33(b)(3); <u>Cottle v. Falcon Holdings Mgmt., L.L.C.</u>, 892 F. Supp. 2d 1053, 1059 (N.D. Ind. 2012).  In her verification, Plaintiff

> declare[s] under penalty of perjury under the laws of the United States and New Mexico, that the following facts are true and correct to the best of my knowledge and belief and that those factual matters that are stated upon information and belief are believed by me to be true.

(Doc. 45, Ex. 5.)  Defendant argues that this verification is insufficient because it contains two caveats, specifically (1) that it is "to the best of [Plaintiff's] knowledge and belief," and (2) that "those factual matters that are stated upon information and belief are believed by [Plaintiff] to be true."  (<u>Id.</u>)  Defendant suggests that Plaintiff's verification should state, "[u]nder penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct."  (Doc. 45 at 5.)

Defendant received Plaintiff's verification on September 5, 2014.  (Doc. 53 at 4.) Defense counsel could have conferred with Plaintiff's counsel regarding this issue before filing a motion to compel on September 9, 2014.  Notably, there is no record of his having done so.  (<u>See</u> Doc. 45, Ex. 3.)  In her response, Plaintiff indicates that she is willing to provide a verification in the form Defendant has requested.  (Doc. 53 at 5.)  The parties appearing to have resolved this issue without the need for Court intervention, the Court declines to rule on it.

**4.**     **<u>Plaintiff's Answers to Defendant's Interrogatories Nos. 2, 3, 5, 6, 7, 8, and 9.</u>**

Defendant argues that Plaintiff's Answers to Defendant's Interrogatories Nos. 2, 3, 5, 6, 7, 8, and 9 are improper because they refer to her complaints and to her Answer to Defendant's Interrogatory No. 4.  The Court agrees that Plaintiff may not properly answer an interrogatory by referring to her complaints.  <u>Anchondo v. Anderson, Crenshaw & Assocs.</u>, 256 F.R.D. 661, 665 (D.N.M. 2009).  Plaintiff is therefore ordered to amend her Answers to Interrogatories Nos. 2, 3, 5, 6, 7, 8, and 9 to remove any such references.  Plaintiff is further ordered to supplement her

answers to these interrogatories to the extent that removing such references will render her current answers incomplete.[2]

The Court also agrees that, if a party answers an interrogatory by referring to others, the reference must be "specific rather than general." Pilling v. Gen. Motors Corp., 45 F.R.D. 366, 369 (D. Utah 1968). However, the Court finds that Plaintiff's reference to her Answer to Interrogatory No. 4 was in fact specific. A "general" reference would be, *e.g.*, to all of a party's interrogatory answers, or to an entire deposition. Union Pac. R.R. Co. v. Larkin, 229 F.R.D. 240, 243-44 (D.N.M. 2005) (interrogatory answers referring generically to several depositions and witness statements were insufficient); In re RBA, Inc., 60 B.R. 953, 964 (Bankr. D. Minn. 1986) (interrogatory answer referring to "unspecified Answers to Interrogatories and general deposition testimony" was insufficient); see also Anchondo, 256 F.R.D. at 665 ("[I]f [the responding party] intended for the answer to another interrogatory to serve as an answer to this one, it should have specifically referred to the other answer.").

Plaintiff in this case referred solely and specifically to her Answer to Interrogatory No. 4, in answering Interrogatories Nos. 2, 3, 5, 6, 7, 8, and 9. Defendant is correct that Plaintiff's Answer to Interrogatory No. 4 is very long and detailed. (Doc. 45, Ex. 4 at 3-11.). However, in light of the very broad and comprehensive interrogatory it answered, it could not properly have been otherwise. In short, Plaintiff's specific reference to her Answer to Interrogatory No. 4, in answering Defendant's Interrogatories Nos. 2, 3, 5, 6, 7, 8, and 9, was permissible, and these references may remain. Moreover, the Court finds that Plaintiff's Answer to Interrogatory No. 4

---

[2] For example, Plaintiff's Answers to Defendant's Interrogatories Nos. 3 and 9 appear to be incomplete without references to Plaintiff's complaints. These interrogatories concern Plaintiff's claim that Defendant retaliated against her for filing a workers' compensation claim. Plaintiff's Answers to Defendant's Interrogatories Nos. 3 and 9, without the references to her complaints, consist solely of her reference to her Answer to Defendant's Interrogatory No. 4; and, Plaintiff's Answer to Interrogatory No. 4 makes no mention of Plaintiff's workers' compensation claim.

sufficiently answers Defendant's Interrogatories Nos. 2, 5, 6, 7, and 8, and Defendant's First Motion to Compel supplemental answers to these interrogatories is therefore denied.

**5.**     **Plaintiff's Answer to Defendant's Interrogatory No. 12**

Defendant next argues that Plaintiff's Answer to Interrogatory No. 12, regarding mitigation of damages, is insufficient because it does not indicate:  (a) when plaintiff contacted listed organizations, what she was seeking, or if she received offers of relief or employment from the organizations; (b) if Plaintiff has received compensation after April 2011; and, (c) if she has requested and/or accepted treatment foster care placements, when they were requested and/or accepted, and what, if anything, she has been paid for them.  Defendant also protests that Plaintiff's answer to this interrogatory is inconsistent with documents she produced regarding when she applied for Medicaid Part B benefits.

Initially, an inconsistency between Plaintiff's sworn interrogatory answer and a document she produced regarding the date on which she filed for specified benefits is not a proper subject for a motion to compel.  Rather, it is a potential source of impeachment in motions, at deposition, or at trial.    Defendant's motion to compel Plaintiff to answer consistently with her documentation is therefore denied.

Regarding the remainder of Defendant's arguments pertaining to this interrogatory, Defendant has failed to attach sufficient information to its First Motion to Compel to allow the Court to determine the completeness of Plaintiff's answer.  Local Rule 37.1 states that "[a] party seeking relief pursuant to Fed. R. Civ. P. … 37(a) must attach to the motion a copy of:  (a) the interrogatory….; and (b) the response or objection thereto."  D.N.M.LR-Civ. 37.1.  Defendant has failed to fully comply with this rule.  Plaintiff's Answer to Defendant's Interrogatory No. 12 contains about two-and-a-half pages of responsive information.  (Doc. 45, Ex. 4 at 16-18.)

Notably, the answer provides the month and year in which Plaintiff contacted various agencies and prospective employers, the relief or employment she was seeking, and the results of her applications.   In addition, Plaintiff's answer to this interrogatory refers to her Response to Defendant's RFP No. 6, noting that it provides additional information regarding her efforts to mitigate her damages by seeking employment.

Defendant failed to attach a complete copy of Plaintiff's Response to Defendant's RFP No. 6 to its First Motion to Compel,[3] so the Court cannot review all of the information Plaintiff has provided to Defendant in answer to Interrogatory No. 12.  The Court cannot, for example, determine if Plaintiff's Response to Defendant's RFP No. 6 provided Defendant with information about any treatment foster care placements she has requested and/or accepted, during what time periods, and what compensation she has received for these placements. Because Defendant failed to attach Plaintiff's complete answer to this interrogatory, the Court will deny Defendant's motion to compel Plaintiff to respond to it more fully at this time. However, the Court advises Plaintiff to supplement her answer to this interrogatory if she has not in fact provided the missing information in her Response to Defendant's RFP No. 6, to avoid the need for Defendant to bring a second, more complete motion to compel.

**6.**     **Plaintiff's Response to Defendant's RFP No. 7**

Defendant contends that Plaintiff's Response to Defendant's RFP No. 7 is inadequate because she did not produce documents relating to an application for Social Security disability benefits.  In her response to this request for production, Plaintiff stated that she "never applied for disability benefits," (Doc. 45, Ex. 7), which would seem to explain why she produced no documentation of having done so.  However, Defendant observes that Plaintiff did produce a

---

[3] Exhibit 7 to Defendant's First Motion to Compel contains a fragment of Plaintiff's Response to Defendant's RFP No. 6.  However, it is clearly not Plaintiff's complete response.

bankruptcy petition in which she listed an unnumbered, pending "SS disability admin hearing" as a proceeding to which she was a party.  (Doc. 45, Ex. 8 at 5.)   Defendant moves the Court to compel Plaintiff to produce documentation regarding this proceeding.

In her response to Defendant's motion, Plaintiff reiterates that she has never applied for Social Security disability benefits, and therefore can produce no documentation regarding a proceeding pursuant to such an application.  (Doc. 53 at 6-7.)  Her counsel explains that he included the reference to a Social Security disability proceeding in Plaintiff's bankruptcy petition to preserve Plaintiff's ability to bring such an action during the pendency of her bankruptcy case. (Id.)  However, he avers, she never actually did so.  (Id.)  Plaintiff cannot be compelled to produce documents that have never existed.  Defendant's motion to compel Plaintiff to provide documents regarding a non-existent Social Security disability proceeding is therefore denied.

**7.    Award of Expenses under Federal Rule of Civil Procedure 37**

The Court will not award expenses to either party as a result of Defendant's First Motion to Compel.  Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a party's motion to compel is granted or discovery is provided only after the motion is filed, the Court must generally require the opposing party and/or its counsel to pay the movant's reasonable expenses incurred in making the motion.  Fed. R. Civ. P. 37(a)(5)(A).  However, the Court must not order such expenses if

> the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or, other circumstances make an award of expenses unjust.

Id.  Similarly, Rule 37(a)(5)(B) provides that if a motion to compel is denied, the Court must generally award expenses to the party opposing the motion, but again, not if "the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

37(a)(5)(B).  Finally, Rule 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court…*may*…apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

In this case, portions of Defendant's First Motion to Compel have been granted, and portions have been denied.  Each party has taken some positions that are substantially justified, and some that are without merit.  Though late, Plaintiff provided much of the requested discovery following Defendant's good faith efforts to obtain it and before Defendant filed its motion to compel.  However, Plaintiff offered to provide some discovery only after the motion was filed.  Defendant, in turn, devoted considerable effort to obtaining Plaintiff's discovery responses before filing its motion to compel, but also moved to compel some discovery without first attempting to obtain it informally.  In short, neither party completely prevailed on this motion, and both parties bear some responsibility for this matter having been brought before the Court for resolution.  In these circumstances, an award of expenses to either party would be unjust and inappropriate under Rule 37(a)(5)(A) and (B), and the Court declines to exercise its discretion under Rule 37(a)(5)(C) to apportion expenses between the parties.

## 8.    <u>Conclusion</u>

In summary, the Court finds as follows.  Defendant's arguments that Plaintiff's discovery responses were untimely, and that Plaintiff waived her objections to Defendant's discovery requests, sought no objective relief from the Court and are denied as moot.  Plaintiff, having volunteered to provide Defendant with an amended verification to her interrogatory answers, is directed to do so by **October 14, 2014** if she has not already done so.  Plaintiff is to serve amended answers to Defendant's Interrogatories Nos. 2, 3, 5, 6, 7, 8, and 9, removing all references to her complaints, and supplementing her answers to Interrogatories Nos. 3 and 9 to

the extent that they are insufficient without such references.  Plaintiff's references to her Answer to Defendant's Interrogatory No. 4 may remain.  Defendant's motion to compel Plaintiff to provide a more complete answer to Defendant's Interrogatory No. 12 is denied at this time, because Defendant failed to attach sufficient documentation to its motion to allow the Court to rule on it.  However, Plaintiff is strongly encouraged to supplement her answer to this interrogatory to the extent that it may in fact be deficient.  Defendant's motion to compel Plaintiff to provide a more complete response to Defendant's RFP No. 7 is denied.  Plaintiff's amended and supplemental answers are to be served on Defendant by **October 14, 2014**.  No expenses under Rule 37 are awarded to either party.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**